PRATT, J.: In this case that the defendant was guilty of violating a village ordinance, that he was tried for the same and fined a sum authorized by law for such violation, is not disputed. There is no material question raised upon this appeal that is not answered by the opinion of the county judge, and the cases quoted by him therein. Whether we call the decision of the police justice a fine or a penalty, is not material, or whether we call the offense for which he was tried a crime or a violation of a city ordinance is equally immaterial, as the police justice simply imposed what he had power to impose under the law and the village charter. We need go back no farther in point of time than the moment the defendant appeared for trial before the Police Court, as it is not material how he got there as no objection was raised to the jurisdiction, but only that the offense with which he was charged was not a crime. The defendant well knew the ordinance under which he was charged, and upon the facts made no substantial defense. It seems plain that the Legislature intended that villages should have the power to pass such an ordinance as that now under consideration, and that the penalty might be imposed for its violation, and its collection enforced by imprisonment not exceeding ten days in county jail, and the decision of the Police Court here under review was in accordance with such provisions. The request for a jury trial was properly overruled. No right of defendant was prejudiced further than authorized by law. Judgment affirmed. Brown, P. J., and Dykman, J., concurred.

The People of the State of New York ex rel. Christopher Post v. Clarence T. Barrett and Others, Commissioners of Police of Richmond County.—Determination affirmed, with costs. No opinion. All concur.

Sidney Bell, Respondent, v. John Breen, Appellant.—Judgment affirmed, with costs. No opinion. All concur.

Abijah Weston and Charles Weston, Respondents, v. Daniel G. Brown and Carrie M. Hasbrouck, Appellants. — Judgment affirmed, with costs.—

DYKMAN, J.: This is an appeal from a judgment in favor of the plaintiffs against the defendants for $117,719.92 entered upon the report of a referee.. The complaint contains fifty causes of action, forty-nine of which are upon promissory notes given to the plaintiffs by the defendants on account of lumber. The fiftieth cause of action is for a balance due upon the account for the lumber, for discount paid upon the paper and for money paid for freights. The referee found that the lumber which constituted the consideration of the forty-nine notes was a portion of the lumber which was the subject of the account set up in the fiftieth cause of action in the complaint, and his decision was based upon that account. The defense of the action was that the notes were accommodation paper and that the lumber, for which the plaintiffs claim, was not sold to the defendants, but was consigned to them to be sold for the plaintiffs. The lumber was shipped by the plaintiffs to the defendants under a written agreement, which provided for a conditional sale, as the plaintiffs claim, and not for a consignment for sale as the defendants insist. The question arises between the immediate parties to the agreement, and no rights of creditors or bona fide purchasers are involved. It was, however, much more than an agreement for the consignment of goods for sale to the defendants. It was a sale of the lumber, and the obligation of the defendants was absolute whether it was conditional or not. It was expressly stipulated in the agreement

that "all said lumber so shipped and the proceeds of all sales thereof by said second party shall be and remain the property of the said first party until the said lumber so sold shall be fully paid for by said second party to said first party, and all sums of money received by said second party for the sales of said lumber by him shall be moneys had and received by said first party until a sufficient amount thereof shall have been paid to the said first party by said second party to cancel the indebtedness arising upon the sale of the lumber so sold." The referee has limited the recovery to the lumber sold by the defendants previous to the fire, and has not charged the defendants with the lumber which was destroyed thereby. The payment of discounts upon the notes of the defendants was a valid charge against them, as they were given on account of the lumber. The same is to be said respecting the payment for freight upon the lumber shipped to the defendants. As, therefore, the referee has only charged the defendants for the value of the lumber which they sold under the contract, and, as it was provided therein that the money received by the defendants upon such sales of lumber should be moneys had and received by the defendants for the plaintiffs, it is quite immaterial whether the sale was absolute or conditional, because the money received upon the sales under the contract belonged to the plaintiffs. The record presents no error, and the judgment should be affirmed, with costs. Brown, P. J., and Pratt, J., concurred in the result

Charles E. Hadden, Respondent, v. Edward B. Hall, Appellant.—Judgment reversed and new trial granted, costs to abide event, unless plaintiff stipulates in twenty days to reduce the verdict to the sum of $2,000, and to reduce the extra allowance to the sum of five per cent on $2,000. If such stipulation is filed, the judgment as so modified is affirmed, without costs.—

PRATT, J.: The verdict substantially gave plaintiff all that he claimed, and made slight, if any, allowance for the deficiencies in execution of the building contract, which were many and practically undisputed. It is, therefore, impossible to sustain the verdict of the jury to its full extent. Giving all proper effect to the plaintiff's testimony and to the verdict, we are of opinion that the sum of $1,694 should be deducted from the verdict, or in the alternative a new trial be granted. The plaintiff may elect between such modification and a new trial. In case he elects to accept the modification, the allowance of five per cent upon $1,694 should also be deducted from the judgment, which, as thus modified, is affirmed, without costs of appeal. Otherwise, judgment reversed and new trial granted, costs to abide event. Brown, P. J., concurred.

Charles M. Bierschenk and Philip M. Bierschenk, Respondents, v. John Dunphy, Appellant, Impleaded, etc.—Judgment affirmed, with costs.—

DYKMAN, J.: This is an appeal by the owner from a judgment in favor of the plaintiffs in an action to foreclose a mechanic's lien. The case was tried before a judge without a jury; and the findings are supported by the evidence. The record presents no error of law, and the judgment should be affirmed, with costs. Pratt, J., concurred; Brown, P. J., dissented.

Fannie G. Parsons, Respondent, v. Charles W. Parker, Appellant.—Judgment affirmed, with costs. No opinion. Dykman, J., not sitting.

Patrick P. O'Hehir and Another, Respondents, v. The Middletown-Goshen Traction Com-